**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**In re:**

**STOLLINGS TRUCKING COMPANY, INC.**        **Case No. 15-20624**
                                              **Chapter 11**
      **Debtor/Plaintiff**

**v.**                                        **A.P. No. _____**

**INTERNAL REVENUE SERVICE OF
THE UNITED STATES; and WEST VIRGINIA
STATE TAX DEPARTMENT,**

      **Defendants.**
_____

**ADVERSARY PROCEEDING FOR DECLARATION AS TO
THE SECURED STATUS AND EXTENT OF LIENS, CLAIMS AND
INTERESTS IN PROPERTY OF THE DEBTOR**

Comes now Stollings Trucking Company, Inc., Chapter 11 Debtor ("Debtor") by counsel, Caldwell & Riffee, and hereby alleges, upon its knowledge and information as follows:

*Preliminary Statement*

1. This is an adversary proceeding initiated under Bankruptcy Rule 7001 by the Debtor who requests that this Court determine the extent and scope of liens of The Internal Revenue Service of the United States ("IRS") and the West Virginia State Tax Department ("State Tax") and to further determine whether liens are subject to surcharge under 11 U.S.C. § 506(c) and whether "equities of the case" under 11 U.S.C. § 552(b) should be applied in this Chapter 11 case so as to prevent the IRS and State Tax from receiving a windfall by capturing assets that would otherwise go to allow a liquidation Chapter 11 Plan.

*Jurisdiction and Venue*

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and this proceeding arises under the Bankruptcy Code, and arises in, and is related to the Chapter 11 case filed by the Debtor.

3. This proceeding is a "core proceeding" arising under the Bankruptcy Code pursuant to 11 U.S.C. § 157(b).

4. Venue is proper in the U.S. Bankruptcy Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding is related to a bankruptcy case under Chapter 11 that is filed in this District as Case No. 2:15-bk-20624.

5. The adversary proceeding is commenced pursuant to Federal Rules of Bankruptcy Procedure 7001(2) and 7001(9).

6. The IRS is an agency of the United States and subject to service of process pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure.

7. The West Virginia State Tax Department is an agency of the State of West Virginia and subject to service of process pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure.

*Facts*

8. The Debtor filed this Chapter 11 bankruptcy case on December 7, 2015. The Debtor has continued in possession of its property.

9. At the time of the filing of the case, the Debtor was the owner of machinery known as a Highwall Miner subject to a lien in favor of BB&T in the approximate sum of $101,000. The

equipment was subject to a Lease Purchase Agreement with Bonnie B Land Company which had agreed to pay $1,500,000 for the equipment and at the time of the commencement of the bankruptcy owed Debtor approximately $571,000. The Debtor affixed the value of the Highwall Miner at $1 Million on the bankruptcy schedules. The equity in the equipment would not have exceeded the sum of $470,000.

    10. Within 10 days after the filing of the Chapter 11 bankruptcy case, the Highwall Miner, then in the possession of Bonnie B Land Company, became lodged in a mountain at a surface mining operation and the machine could not be retrieved. The Debtor filed an insurance claim with XL Insurance Company which only offered to pay $25,000 on the loss. XL Insurance Company took the position that the equipment was not fully insured because it had been "leased" to a third party.

    11. The Debtor then filed an action in the Circuit Court of Logan County, West Virginia, and after extensive discovery and cross motions for summary judgment, the Circuit Court of Logan County, West Virginia, entered an Order awarding the Debtor the sum of $1,039,000, exclusive of attorney fees. The proceeds from the Order have been placed in escrow.

    12. Prior to the filing of the Chapter 11 bankruptcy case, both the State Tax and the IRS had filed liens of record in the Office of the Clerk of the County Commission of Logan County, West Virginia. The amount and the date of those liens are identified on the Proof of Claim of each taxing authority and further designated on Exhibit A attached hereto.

    13. The cause of action against XL Insurance Company did not exist at the time of the filing of this case and constitutes after-acquired property.

14. The Debtor asserts that the "equities of the case" under 11 U.S.C. § 552(b) should be applied to prevent the taxing authorities from receiving a windfall. The secured claims of the taxing authorities were not diminished and should be recognized at the amount to which they were secured at the time of the filing of the case, which is approximately $470,000.

15. The funds from the cause of action against XL Insurance should not be subject to pre-petition statutory tax liens and any "floating lien" of the taxing authorities should be cut off because the litigation funds are not traceable to the original collateral.

16. 11 U.S.C. § 506(c) permits recovery of administrative expenses from a secured creditor's collateral when expenses are "necessary" to preserve or dispose of the collateral; the expenses are "reasonable" and the incurrence of the expenses provides a "benefit" to the secured creditor. Efforts of the Debtor's Special Counsel and bankruptcy counsel to recover insurance proceeds and to retain a certain portion of Certificates of Deposit posted for reclamation expenses should be surcharged for the benefit of the bankruptcy estate. See Section 506(d). The taxing authorities received a quantifiable and direct benefit.

COUNT ONE

*Declaratory Judgment on Application of 11 U.S.C. § 552(b)*

17. The Debtor repeats and realleges paragraphs 1 through 16 hereof, as if fully set forth herein.

18. The "equities of the case" proves that an appropriate balance between the rights of the secured tax creditors and the purposes of bankruptcy should limit the liens of the taxing authorities to the amount of their secured claims at the time of the commencement of the case.

19. Appreciation of the value of the collateral as it was transmuted from machinery to a cause of action should not result in a windfall to which the taxing creditors are not otherwise entitled.

20. The cause of action should be deemed to be after-acquired property not subject to any pre-petition lien.

## COUNT TWO

### *Permit Transfer Funds - 552(b)*

21. The Debtor repeats and realleges paragraphs 1 through 20 hereof, as if fully set forth herein.

22. The Debtor has alleged that its efforts have resulted in the sum of $225,000 to be released from a pledge to the bonding company for reclamation.

23. The taxing authorities have achieved a benefit from the Agreement to transfer reclamation permits in that that Agreement brings certainty to the cost of the Debtor's reclamation responsibilities and brings closure on future contingent environmental liabilities.

24. The "equities of the case" (11 U.S.C. § 552(b)) should also apply to the funds returned to the Debtor. Environmental liabilities in excess of the collateral pledged would have generated a large administrative expense claim, which likely would have prevented the secured taxing authorities from receiving any distribution in this bankruptcy case. The Debtor has been released from its obligations under the reclamation bonds and the $225,000 of the cash bonds released back to Debtor should be made available for unsecured creditors.

COUNT THREE

*Determination of Surcharge Under 11 U.S.C. § 506(c)*

25. The Debtor repeats and realleges paragraphs 1 through 24 hereof, as if fully set forth herein.

26. 11 U.S.C. § 506(c) permits recovery of administrative expenses from a secured creditor's collateral.

27. The Debtor can unequivocally show that professional expenses incurred were "necessary"; were "reasonable"; and provided a "benefit" to the secured taxing authorities.

28. Without the litigation in the Circuit Court of Logan County, West Virginia, the taxing authorities would not receive the amount of their secured claim as of the date of the commencement of the case.

29. Without extensive negotiation with Blackhawk Mining and Condor Mining, provided by the Debtor's professionals, the Debtor would not have been able to provide for present and future reclamation liabilities. The amount of that liability was uncertain but was estimated to be approximately $5 Million, which far exceeded the cash bonds and the surety bonds.

WHEREFORE, the Debtor demands a judgment holding that:

(A) That 11 U.S.C. § 552(b) is applicable;

(B) That 11 U.S.C. § 506(c) is applicable and allowance to be determined by the Court;

(C)   That unsecured creditors in the case should be entitled to funds freed up under 11 U.S.C. § 506(d); and

(D)   For such other and further relief as the Court deems just and proper.

                                                  STOLLINGS TRUCKING COMPANY, INC.

                                                  By Counsel

/s/ Joseph W. Caldwell
Joseph W. Caldwell, Esquire
WV Bar No. 0586
CALDWELL & RIFFEE
P.O. Box 4427
Charleston, WV 25364
Telephone:    (304) 925-2100
Facsimile:    (304) 925-2193
Email:        joecaldwell@frontier.com